Church, Ch. J.
The injunction restrained the defendant from using the street for its tracks and running its trains over them, north of the center of the street, to which the plaintiff’s title extended. The defendant makes two points:
1. That the deed to the plaintiff was void, because its possession was adverse at the time. This is not tenable; the possession was not adverse but was under license, by act of the legislature, which only extended to the rights of the public. The entry under this license is presumed to have been in subordination to the rights of the owner, and there is no evidence against this presumption.
2. It is urged that the legal right must be first established by an action at law. This was formerly necessary if the legal title was at all doubtful, but, since the Code, this court has held that the legal right may be established and the equitable remedy, by injuction, obtained in the same action. (Corning v. The Troy Iron and Nail Factory, 40 N. Y, 191.)
This case, which we are not inclined to disturb, is decisive against the defendant upon this point. The judgment must be affirmed.
All concur.
Judgment affirmed.